PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* José IRIZARRY, Defendant and Appellant.

No. 7349.   Argued January 19, 1939.—Decided January 25, 1939.

*Galpí & Gelpí,* for the appellant.   *R. A. Gómez, Prosecuting Attorney,* for the appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The district attorney for the District of Mayagüez filed a complaint against José Irizarry which in its relevant part states as follows:

"The said accused, José Irizarry, on or about the 16th of November, 1937, and in Mayagüez, P. R., which is a part of the Judicial District of Mayagüez, P. R., illegally, voluntarily and maliciously had or possessed for human consumption adulterated cow's milk."

Against this complaint the accused on the day of the trial filed a demurrer for want of sufficient facts, and in support thereof he alleged that, according to the first section of Act No. 77, approved on August 12, 1925 (p. 558), the offense is committed by "every person who adulterates or dilutes milk and every person who sells, offers or keeps for sale, or who transports or stores milk to be used for human consumption, and every person using milk adulterated or diluted for industrial purposes, when such milk is to be used in the preparation of food for human consumption . . .", but not he who "has it or possesses it to be used for human consumption." The district attorney answered that " . . . hundreds of cases (*sic*) have been condemned for the offense of having

and possessing adulterated cow's milk to be used for human consumption.'' The demurrer was overruled, the accused admitted the facts alleged in the complaint, and thereupon the court found him guilty and condemned him to pay a fine of $25 and costs or to spend one day in jail for each dollar that he did not pay. The accused appealed.

The lower court committed the alleged manifest error in not granting the peremptory acquittal of the accused for want of facts in the complaint. A study of the jurisprudence of this court in recent cases would have been sufficient to avoid the commission of said error.

In *People* v. *Rivera*, 43 P.R.R. 884, we said:

''. . . The adulteration is the basis. The act itself would amount to time and money badly wasted and nothing more. It is after the adulteration, when the adulterated article is introduced into the commerce of man, thus perpetrating the deception and the injury to health, that the criminal act arises.''

In *People* v. *Segarra*, in a per curiam decision of July 6, 1938 (53 P.R.R.____), we reversed the judgment and acquitted the accused saying:

''Whereas from the evidence given the only thing proven was that the accused had an establishment where provisions were sold and wherein they had an ice-box; that the Health inspectors found a quart of adulterated cow's milk in the same; that the expert chemist who made the analysis testified that the milk might be that known by the name of 'Klim' or evaporated, *and no evidence either direct or circumstantial was presented to prove that the milk was going to be used for industrial purposes or to be sold.*'' (Italics supplied.)

The judgment appealed from should be reversed.